

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT LERMA, Jr., DBA Stylistics Car Club, an individual, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STYLISTICS LOS ANGELES CAR CLUB, INC., a California corporation; JORGE LUIS RAMIREZ, an individual, <br><br> Defendants-Appellants. | No. 15-55270 <br><br> D.C. No. 2:12-cv-06704-DDP-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted November 8, 2016[**]
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and BELL,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Jorge Luis Ramirez and his company, Stylistics Los Angeles Car Club, Inc., appeal the district court's default judgment canceling their federal trademark registration. Appellants' primary contention is that the district court had jurisdiction to only review the decision of the Trademark Trial and Appeal Board (TTAB) and not independently rule on trademark infringement claims. But although the TTAB's findings may indeed be challenged in district court, *see* 15 U.S.C. § 1071(b), nothing prevents a court from adjudicating an infringement action under the general provisions of the Lanham Act, *see* 5 U.S.C § 1119. The only effect the TTAB's decision may have on district court proceedings is through the doctrine of issue preclusion, *see B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1299, 1310 (2015), which is non-jurisdictional.

Appellants next argue that the district court erred in directing the U.S. Patent and Trademark Office to revoke their trademark registration because such relief was not requested in the complaint, as required under Federal Rule of Civil Procedure 54(c). But the complaint did request both an injunction against Appellants' use of the mark and an order declaring that Appellee is the mark's rightful owner. That relief does not "differ in kind," Fed. R. Civ. P. 54(c), from a request to revoke the trademark registration.

**AFFIRMED.**